■ In the Matter of MICHAEL J. M., Alleged to be a Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LYNN N, Appellant.—Appeal from an order of the Family Court, St. Lawrence County, entered January 13, 1977, which adjudged appellant's child to be neglected and removed him from the care of the appellant and placed him with the Commissioner of Social Services of St. Lawrence County for an initial period of one year. On this appeal, the appellant urges that the evidence was not sufficient as a matter of law to support the findings that she was incapable of proper supervision and guardianship of the child in question or that the child was neglected. Upon the neglect proceeding, at which both the appellant and the father were represented by counsel and the infant by a Law Guardian, the court found, by a preponderance of the evidence, that the appellant had exhibited antisocial behavior. The court found that this behavior, including the offenses of harassment, criminal solicitation and public intoxication, as well as such physical abuse of the child as putting beer in his baby bottle, constituted improper supervision and guardianship within the meaning of those terms as defined by section 1012 of the Family Court Act. We find that this record provides not only support for the Family Court's decision by a preponderance of the evidence, but also supplies "strong and convincing proof of unfitness" on the part of the mother *(Matter of Gonzalez,* 51 AD2d 527). As a result of the finding of neglect and a subsequent dispositional hearing, the court ordered the infant removed from the care of the appellant and placed with the Commissioner of Social Services for the County of St. Lawrence for an additional period of one year, with rights of visitation to both parents and grandfather. The order further provided that each parent and the grandfather were under an order of protection not to consume intoxicating beverages for at least eight hours before the child was visited. The appellant was placed under an order of protection not to harass or assault the foster parents or to in any way interfere with the custody of the child. We find such order to be rational and in accordance with our findings in this case. Appellant further urges that she had inadequate counsel. Her appointed counsel, she claims, failed to claim surprise at the introduction of "new evidence" and failed to secure witnesses to substantiate her denials. On this record, we find such argument to be without merit. Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.